LAW OFFICE OF STEPHEN J. NUTTING, LLC
Tiberius D. Mocanu, Esq.
P.O. Box 5093 Saipan, MP 96950
Phone: (670) 234-6891
Fax: (670) 234-6893
Email: Tiberiusmocanu@gmail.com

Attorneys for Plaintiffs

FILED
Clerk
District Court

OCT 23 2018

for the Northern Mariana Islands
By_____
(Deputy Clerk)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN MARIANA ISLANDS

CV   18   0027

| | |
|---|---|
| ANUIK MONDAL, as an individual, and on behalf of all others similarly situated.<br><br>Plaintiff,<br><br>vs.<br><br>AKHIL CHANDRA MOLLICK, MOLLICK ENTERPRISES, AND BIG BOYZ MARINE SPORTS, INC.,<br><br>Defendants. | CIVIL CASE NO.: 18-_____<br><br>VERIFIED COMPLAINT FOR VIOLATIONS OF FAIR LABOR STANDARDS ACT (FLSA), FAIR MINIMUM WAGE ACT OF 2007, CNMI MINIMUM WAGE AND HOUR ACT, BREACH OF CONTRACT, FRAUD, AND WRONGFUL TERMINATION. |

COMES NOW, ANUIK MONDAL, herein Plaintiff, as an individual and on behalf of all others similarly situated, by and through his undersigned counsel, and in support of this Verified Complaint against Defendants for violations of the Fair Labor Standards Act, the Fair Minimum Wage Act of

2007,[1] and the CNMI Minimum Wage and Hour Act, to recover unpaid wages, unpaid overtime compensation, liquidated damages, attorneys fees, and costs under the provisions of Section 16(b) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 216(b)), hereinafter referred to as the "FLSA" and the provision setting forth increases in the minimum wage per hour of work in the CNMI under the Fair Minimum Wage Act of 2007, and to hereby allege, along with other State law claims, the following:

## JURISDICTION

1.  This Court has jurisdiction over Plaintiff's Fair Labor Standards Act ("FLSA") claims under Section 23 U.S.C. § 216(b). And by the provisions of 28 U.S.C. § 1331 (Federal Question Jurisdiction) and 28 U.S.C. § 1337(a) (Proceedings arising under any act of Congress regulating commerce).

2.  This Court has supplementary jurisdiction over Plaintiff's state law claims under 28 U.S.C. 1367(a).

3.  The FLSA, at 29 U.S.C. § 201, *et seq.*, applies to this matter through the Covenant to Establish a Commonwealth of the Northern Mariana Islands in Political Union with the United States ("the Covenant"), Article V, § 502(a)(2).

4.  Venue is properly placed in this Court as at all times relevant Plaintiff was an employee of Defendants and was providing services for the Defendants in Saipan, in the CNMI.

---

[1] Title VIII of PL 110-28 was subtitled Fair Minimum Wage Act of 2007 wherein Sections 8102 and 8103 made applicable section 206 of the FLSA to the CNMI by establishing its own criteria of wage increases specifically for the CNMI.

VERIFIED COMPLAINT FOR VIOLATIONS OF FAIR LABOR STANDARDS ACT (FLSA), FAIR MINIMUM WAGE ACT OF 2007, CNMI MINIMUM WAGE AND HOUR ACT, BREACH OF CONTRACT, FRAUD, AND WRONGFUL TERMINATION.2 OF 27

**PARTIES**

5.  Plaintiff AUNIK MONDAL (hereinafter "MONDAL") is a citizen of Bangladesh, presently residing on Saipan, Commonwealth of the Northern Mariana Islands.

6.  On information and belief, Defendants MOLLICK ENTERPRISES and BIG BOYZ MARINE, INC. (hereinafter collectively "Employer") are domestic corporations organized and operating under the laws of the Commonwealth of the Northern Mariana Islands and doing business in Saipan and having its principal office and place of business on Saipan, CNMI.

7.  Defendant AKHIL CHANDRA MOLLICK, is a citizen of Bangladesh currently residing on Saipan, Commonwealth of the Northern Mariana Islands.

**FACTUAL ALLEGATIONS**

8.  MONDAL hereby realleges and incorporates all of the above paragraphs of this Complaint as if fully set forth herein.

9.  On information and belief, Defendant BIG BOYZ MARINEZ, INC. and Defendant MOLLICK ENTERPRISES (aka collectively "Employer") is solely owned and operated by Defendant Akhil Chandra Mollick (all collectively referred to as "Defendants").

10. MONDAL, and all other individuals similarly situated, were an "employee" of Employer as defined under 29 U.S.C. § 203 of the FLSA.

11. Employer was the "employer" of MONDAL, and all others similarly situated, as defined under 29 U.S.C. § 203 of the FLSA during the relevant period starting on September 5, 2015 up to August 4, 2018 as follows:

VERIFIED COMPLAINT FOR VIOLATIONS OF FAIR LABOR STANDARDS ACT (FLSA), FAIR MINIMUM WAGE ACT OF 2007, CNMI MINIMUM WAGE AND HOUR ACT, BREACH OF CONTRACT, FRAUD, AND WRONGFUL TERMINATION.3 OF 27

a. From 9/24/2014 to 9/23/2015, MONDAL and all others similarly situated, were employed by Defendant Akhil Chandra Mollick dba Mollick Enterprises;

b. From 9/24/2015 to 9/23/2016, MONDAL and all other similarly situated were employed by Defendant Akhil Chandra Mollick dba Mollick Enterprises;

c. From 10/31/2016 to 10/2/2017, MONDAL and all others similarly were employed by Defendant Big Boyz Marine Sports, Inc.; and

d. From 10/3/2017 to 10/2/2018, MONDAL and all others similarly situated were employed by Defendant, Big Boyz Marine Sports, Inc.. This period of employment was cut-short by Employer's termination of MONDAL's employ on August 4, 2018.

12. At all times mentioned herein, Employer was engaged in the business of providing security services, marine sports services, and maintenance services.

13. At all times mentioned herein, Employer serviced patrons who both resided locally and off-island across interstate lines.

14. At all times mentioned herein and on information and belief, Employer's off island patrons travelled across interstate lines to engage in and/or participate in or utilize Employer's services.

15. At all times mentioned herein and on information and belief, some of Employer's patrons who reside off-island controlled local entities by using the channels and/or instrumentalities of interstate commerce.

16. On information and belief, Employer utilizes electronic and social media, such as the Internet, to advertise some or all of its services, such as marine sports, to patrons and potential customers living across interstate lines.

17. At all times mentioned herein, the totality of Employer's services more than likely affected interstate commerce.

18. At all times mentioned herein, Employer conducted business in interstate commerce as defined within the meaning of § 203(b), § 203(i), § 203(j), § 206(a), and § 207(a) of the Act.

19. At all times mentioned herein, on information and belief, Defendant Mollick's businesses, aka "Employer," as owned by Defendant Akhil Chandra Mollick are enterprises engaged in commerce as defined in 29 U.S.C. § 203(s) whose gross volume of sales is not less than $500,000 per annum.

20. On information and belief, Employer is engaged in interstate commerce, and MONDAL, as well as all others similarly situated, worked, or are working, in activities closely related and directly essential to the products of goods and services for commerce, or handle, ship, or receive goods moving in interstate commerce; or when Employer contracts to do clerical, custodial, maintenance, or other work for firms engaged in interstate commerce or in the production of goods for interstate commerce.

21. Employer is also engaged in interstate commerce in that Employer accepts, transacts, and participates in credit card transactions requiring the use of the channels of interstate commerce.

22. Employer is also engaged in interstate commerce in that employer participates in transactions, as part of its ordinary business, with both local residents as well as residents who travelled through interstate lines to participate in the transaction, or bought supplies from Employer that travelled through interstate commerce.

23. Employer required MONDAL and all others similarly situated to perform security services for the Anaks Condominium, Navy Hill apartments, and Hotel Riviera, which are businesses directly or

indirectly engaged in interstate commerce, and whose tenants are engaged in business in the CNMI and engaged in interstate commerce, or were owners or having interests in business in the CNMI that are engaged in interstate commerce within the meaning of § 203(b), § 203(i), § 203(j), § 206(a) and § 207(a) of the FLSA.

24. In performing duties as an employee as described herein, MONDAL, and all others similarly situated, were engaged in interstate commerce in that MONDAL, and all others referenced, performed services for Employer's business activities which more than likely substantially affected interstate commerce.

25. In performing duties as an employee as described herein, MONDAL and all others similarly situated, were engaged in interstate commerce in that MONDAL and all others referenced performed services for Employer's business activities which were activities closely related and directly essential to the production of goods and/or services involved in interstate commerce within the meaning of § 203(b), § 203(i), § 203(j), § 206(a) and § 207(a) of the FLSA.

26. On information and belief, MONDAL first started at Defendants' employ as a security guard sometime around August 2012.

27. MONDAL continued his employment with Defendants during the relevant time period from September 2015 through August 2018.

28. During MONDAL's employment with Employer, MONDAL was frequently required to work more than eight (8) hours per day or more than forty (40) hours per work week or more than eighty (80) hours per bi-weekly work period.

29. On information and belief, MONDAL's payroll was cut on a bi-weekly basis, but Employer paid him on a monthly basis, and the Employer did the same for those similarly situated as MONDAL.

30. Employer provided no time card, but required MONDAL and others similarly situated, as part of their duties as a security guard, to use log books.

31. Employer did not provide any pay slips for every income wage payments it made to MONDAL or others similarly situated except when plaintiffs requested them for certain purposes, i.e., Medicaid sliding fee.

32. Although MONDAL was required to be paid every bi-weekly, Employer paid MONDAL, and others similarly situated, on a monthly basis in differing amounts without regard to how much regular time or overtime MONDAL, or others like him, worked.

33. MONDAL was not paid the proper regular wage, not paid on time, and was not paid proper overtime.

34. On information and belief, Defendants do not pay any of its employees proper overtime and thus do not properly adhere to the FLSA.

35. On information and belief, Defendants did not pay MONDAL, or all others similarly situated, the proper regular wage nor the proper overtime each pay period starting from the beginning of their employment until the end despite them having actually earned such wages.

36. As for all others similarly situated as MONDAL who continue to work for Defendants, on information and belief, Defendants continue to not pay these individuals the proper regular wage nor the proper overtime each pay period despite them having actually earned such wages.

37. Although Employer verbally set the time and place where MONDAL would provide security services, Employer did not provide time cards nor recorded MONDAL's time on the job, or computed MONDAL's pay based upon the hours actually worked.

38. Upon information and belief Defendants did not, and continue not to, provide time cards to any of its employees, such as MONDAL, nor does it pay its employees based on the hours actually worked by them.

39. For the purpose of recording the actual time he worked, MONDAL recorded his time himself on a real time-basis, which included information about his daily time and place of work that he performed on the job.

40. During MONDAL's employ with Employer, Employer did not provide MONDAL, or others similarly situated, with any payroll salary slip indicating the total of hours MONDAL, or others similarly situated, worked nor did Employer provide the applicable wage rate for MONDAL and other such employees.

41. During MONDAL's employ with Employer, Employer paid MONDAL's wages directly to MONDAL in cash form, and on information and belief, did the same for other employees similarly situated as MONDAL.

42. Although they worked more than forty (40) hours weekly, MONDAL and others similarly situated, were not paid their respective regular wages nor compensated for the overtime they had worked.

43. Employer did not provide MONDAL or others similarly situated with any information as to whether the salary they each received was net of the taxes or other necessary deductions due on their respective income.

44. Employer did not provide MONDAL or others similarly situated with any information as to whether they paid the necessary taxes from their respective payrolls, such as Social Security payments which were due resulting from their employment.

45. Although Employer provided W-2 forms necessary for purposes of filing their yearly Income Tax Returns, MONDAL, and others similarly situated, have reason to believe that the W-2 forms provided by Employer each year of plaintiffs' employ did not accurately provide the amount of income that was paid to them or the true income that they should have received from their work.

46. While on his security duty, MONDAL logged in the time he reported for work and the time he left work in accordance with the instruction and schedule verbally advised by Employer to MONDAL on a daily basis.

47. Employer knew the actual number of hours MONDAL worked, which were logged in MONDAL's logbook.

48. Employer also knew the actual number of hours those similarly situated as MONDAL worked, which each of them recorded in their own manners.

49. Although Employer knew the actual number of hours MONDAL and those similarly situated worked, Employer still, despite its knowledge, did not record, report, or pay MONDAL or others similarly their full regular wage nor pay their overtime wage.

50. On information and belief, Employer did not indicate the correct number of hours in MONDAL's daily schedule of work in the timesheets that Employer prepared.

51. Throughout MONDAL's entire period of employment, he was not paid overtime pay for the hours he had worked beyond forty (40) hours in each given work week or beyond eighty (80) hours in each

given bi-weekly work period, as required under the FLSA and the CNMI minimum Wage and Hour Act.

52. Throughout MONDAL's, and others similarly situated, employment, Employer knew that MONDAL and all others referenced were owed overtime.

53. Despite its knowledge, Employer willfully and purposefully did not pay MONDAL, nor the others similarly situated, their respective overtime.

54. Public Law ("P.L.") 110-28 as specifically applied to the CNMI by U.S. Congress, set a minimum hourly wage based on the minimum wages set and implemented rules and regulations mandating payments in increments of $6.05; $6.55; and $7.05 on certain applicable time periods.

55. Instead of paying MONDAL, and others similarly situated as "employees" of Employer, the hourly wage and minimum wage requirements set by P.L. 110-28 as referenced above, Employer did not pay MONDAL nor the other's referenced their regular wages despite knowledge of the number of hours MONDAL actually worked in a particular time period.

56. Throughout the entire period of MONDAL's employment with Employer, and because of Employer's insufficient payments, MONDAL has sufficient reason to believe that he was not paid the minimum wage due for each forty (40) hours of work performed in any given week under his employment contract or as required by law.

57. On information and belief, those similarly situated as MONDAL in that they were employed by Employer, also have sufficient reason to believe that they were not paid the minimum wage due for each forty (40) hours of work.

58. Throughout the entire period of MONDAL's employment with Employer, and because of Employer's insufficient payments, MONDAL has sufficient reason to believe that he was not paid the proper overtime for each hour over the forty (40) hours of work performed in any given week under his employment contract or as required by law.

59. During the entire period of his employment, MONDAL performed his work and services for Employer diligently and without any complaint from Employer.

60. The CNMI Department of Labor and Employment regularly disseminates information on FLSA requirements through regular advertisements in newspapers or postings in public places.

61. During the entire period of MONDAL's employment, as well as the employment period of all others similarly situated, Employer had full knowledge of the requirement of minimum wage applicable in the CNMI and the payment of overtime required by the FLSA.

62. Despite Employer's knowledge of the applicable wage requirements under the FLSA and CNMI law, Employer willfully and deliberately failed to pay MONDAL, and all others similarly situated, their regular wages and overtime pay as required by law under the FLSA and the CNMI Minimum Wage and Hour Act.

## CAUSES OF ACTION

### COUNT I: VIOLATION UNDER THE FLSA FOR UNPAID WAGES AND OVERTIME

63. MONDAL hereby realleges and incorporates all of the above paragraphs of this Complaint as if fully set forth herein.

64. Employer was the "employer" of MONDAL and all others similarly situated as defined under 29 U.S.C. § 203 of the FLSA.

65. MONDAL and all others similarly situated were each an "employee" of Employer as defined under 29 U.S.C. § 203 of the FLSA.

66. Employer was required to pay MONDAL, and all others referenced herein, an amount equal to one and one-half times (1.5x) the base rate of pay for each hour worked in excess of forty (40) hours per work week.

67. Despite keeping a logbook of the time and duration of MONDAL's work on a daily basis, which MONDAL himself completed, Employer failed to maintain and keep or provide adequate records of the total hours MONDAL worked each work day, each work week, and the basis on which the wages were paid. On information and belief, Employer failed to do the same for all others similarly situated as MONDAL.

68. MONDAL and all others similarly situated worked according to their respective schedules and also earned overtime by working beyond eight (8) hours a day, or forty (40) hours a week, or eighty (80) hours a pay period.

69. Employer continuously failed to pay MONDAL and all others similarly situated as employees of the company the mandated minimum wage for the CNMI during the relevant periods from September 2015 through August 2018 (36 months) in violation of the FLSA as made applicable in the CNMI by P.L. 110-28.

70. Employer was well aware of his obligation to pay minimum wage and overtime pay to MONDAL and its other employees similarly situated as MONDAL.

71. Employer willfully and intentionally failed to pay MONDAL's and its other employees of whom were similarly situated regular wages and overtime premiums for each hour worked in excess of forty (40) hours in violation of the FLSA.

72. Throughout the particular applicable period of MONDAL's employment beginning September 2015 and computed until August 2018 (36 months), MONDAL should have been paid a gross total of approximately $59,434.00 (see Wage and Overtime Computation attached as Exhibit 1) as payment for the following:

   a.   For his regular pay for working eight (8) hours a day, in the amount of $35,498.80; and

   b.   For overtime pay for working beyond eight (8) hours a day, the amount of $23,935.20.

73. Throughout the relevant time period from September 2015 through August 2018 (36 months), MONDAL was only paid the amount of $21,998.35 and thus, was unpaid for this regular and overtime work in the amount of $37,435.65.00.

74. Upon information and belief, all of Employer's employees performing the same or similar duties throughout the period in question, were not paid the proper wage or overtime in violation of the FLSA.

75. Employer had actual knowledge of specific FLSA requirements at the time of each of the violations and willfully did not comply with it.

76. Employer's failure to pay minimum wage and overtime pay as was required by law was done willfully and in bad faith.

77. MONDAL and all others similarly situated are entitled to judgment for all unpaid wages and overtime hours worked and computed from the relevant period of three (3) years, i.e., from

September 2015 through August 2018 (36 months) pursuant to the Fair Minimum Wage Act of 2007 and the FLSA, and an equal amount in damages and attorney's fees.

78. All other similarly situated employees are entitled to a judgement for unpaid wages and overtime hours to be computed from 36 months prior to the filing of this suit, pursuant to the Fair Minimum Wage Act of 2007 and the FLSA, and an equal amount in damages and attorney's fees.

COUNT II: DISCRIMINATION BY RETALIATION IN VIOLATION OF FLSA, 29 U.S.C. 215(a)(3)

79. MONDAL hereby realleges and incorporates all of the above paragraphs of this Complaint as if fully set forth herein.

80. Employer was the "employer" of MONDAL as defined under 29 U.S.C. § 203 of the FLSA.

81. MONDAL was the "employee" of Employer as defined under 29 U.S.C. § 203 of the FLSA.

82. The CNMI Department of Labor and Employment regularly disseminates information on FLSA requirements through regular advertisements in newspapers or postings in public places.

83. During MONDAL's employ under Employer and Defendant during the relevant period described herein, MONDAL often worked more than forty (40) hours per work week as to qualify him for overtime pay.

84. Each time MONDAL worked more than forty (40) hours per work week, or more than eighty (80) hours per work period, as to qualify him for overtime pay, Employer and Defendants intentionally failed to compensate him for the overtime hours he had worked.

85. Each time MONDAL worked more than forty (40) hours per work week, or more than eighty (80) hours per work period, as to qualify him for overtime pay, Employer and Defendants paid MONDAL less than all wages due under both the regular pay rate and the overtime pay rate under the FLSA.

86. Employer and Defendant engaged in the employment practice of paying MONDAL, and all those similarly situated as MONDAL, less than all wages due to them as a matter of law for their total hours worked.

87. During the entire period of MONDAL's employment, Employer had full knowledge of the requirement of minimum wage applicable in the CNMI and the payment of overtime required by the FLSA.

88. On information and belief, around July 2018, MONDAL approached Employer and Defendants and orally communicated in a reasonable, objective manner to them that he was concerned about Employer's employment practice of paying MONDAL, and other employees similarly situated, less than all wages due to them as a matter of law, for their total hours worked.

89. On information and belief, around July 2018, when MONDAL approached the Employer and Defendants to orally communicate to them his concerns about Employer's employment practices, MONDAL provided Employer with notice that he was asserting his, and other employees similarly situated, statutory rights under the FLSA.

90. On information and belief, in direct response to MONDAL's orally communicated concerns about Employer's employment practices and in response to MONDAL placing Employer on notice of Employer's FLSA violations, Employer willfully discharged MONDAL from his employ under Employer on August 4, 2018.

91. By discharging MONDAL for his communicated concerns as an employee under Employer and Defendants, Employer and Defendants violated the FLSA provisions under 29 U.S.C. 215(a)(3).

## COUNT III: VIOLATION OF THE CNMI MINIMUM WAGE AND HOUR ACT FOR UNPAID

## WAGES AND OVERTIME

92. MONDAL hereby realleges and incorporates all of the above paragraphs of this Complaint as if fully set forth herein.

93. Employer was the "employer" of MONDAL as defined under 4 CMC § 9212(e) and (f) of the CNMI Minimum Wage and Hour Act ("the CNMI Act").

94. Under the CNMI Act, Employer was required to play MONDAL an amount equal to one and one-half times (1.5x) the base rate for each hour worked in excess of forty (40) hours per week. 4 CMC § 9222.

95. Employer willfully failed to maintain and keep or provide adequate records of the hours worked in each workday and each workweek and the basis on which wages were paid.

96. Employer willfully failed to pay the minimum wage set as provided under P.L. 110-28 and its implemented rules and regulations mandating payments in increments of $6.05; $6.55; and $7.05 on certain applicable time periods in violation of the Fair Minimum Wage Act of 2007 as made applicable in the CNMI by P.L. 110-28.

97. Employer was well aware of his obligation to pay minimum wage and overtime to MONDAL and other similarly situated employees.

98. Employer willfully and intentionally failed to pay the minimum wages and overtime premiums to MONDAL and other similarly situated employees for each hour worked in excess of forty (40) hours each work week or in excess of eighty (80) hours each bi-weekly work period in violation of the CNMI Act.

99. Under 4 CMC § 9246 of CNMI law, MONDAL and other similarly situated employees are entitled to a judgment for all unpaid wages and overtime hours worked and computed within six (6) months after the cause of action accrued or within one (1) year if arising out of willful violation.

100.    As a result of Defendants' willful violations of the CNMI Act, the amount of unpaid wage and overtime due to MONDAL amounts to $10,522.07 (See Wage and Overtime Computation Accruing One-Year Prior attached as Exhibit 2).

101.    Employer's conduct in intentionally failing to pay wages or overtime was willful and retaliatory.

102.    Employer's intentional failure to pay minimum wage and overtime pay as is required by law was not done in good faith and was willful, thereby entitling MONDAL to an award in the amount of unpaid wages or overtime compensation, and liquidated damages in twice the amount of unpaid wages or overtime compensation. *See* P.L. 15-08 of the Commonwealth Employment Act of 2007 as amended by the Immigration Conformity Act of 2010.

## COUNT IV: FRAUDULENT MISREPRESENTATION AS TO MONDAL'S REGULAR WAGES AND EARNED OVERTIME

103.    MONDAL hereby realleges and incorporates all of the above paragraphs of this Complaint as if fully set forth herein.

104.    Employer willfully, fraudulently, and intentionally misrepresented MONDAL's, and others similarly situated, earned regular wages and overtime for each work pay period each time Employer incorrectly compensated MONDAL and others similarly situated for their performed duties in service to Employer.

105. Employer willfully, fraudulently, and intentionally deceived MONDAL, and others similarly situated, into believing that Employer was complying with applicable federal and CNMI laws regarding employee wages and compensation.

106. In reliance of Employer's representations that he was being compensated as contemplated in his employment contract or as required by law, MONDAL and others similarly situated were deceived and unaware that he was receiving less than what he was actually entitled to each pay period.

107. In reliance of Employer's reassurances of compliance with applicable CNMI and federal law regarding employee wages and compensation, MONDAL and others similarly situated continued to work for Employer and continued to accept less than what he was actually entitled to each pay period.

108. Over the course of MONDAL's employment, as well the employment of those similarly situated, Employer damaged MONDAL and the others similarly situated by not paying them the difference between their actual wages earned and the wages Defendants and Employer incorrectly paid them each regular pay period or each monthly instance of sporadically paying MONDAL and the others similarly situated.

109. On information and belief, as a result of Employer's misrepresentations and deception to MONDAL and those similarly situated, and in their reliance on Employer's actions as alleged above, Employer and Defendants profited from the difference between the income MONDAL and those similarly situated actually earned and the income Employer and Defendants incorrectly paid him.

110. Employer and Defendants committed fraud against MONDAL.

VERIFIED COMPLAINT FOR VIOLATIONS OF FAIR LABOR STANDARDS ACT (FLSA), FAIR MINIMUM WAGE ACT OF 2007, CNMI MINIMUM WAGE AND HOUR ACT, BREACH OF CONTRACT, FRAUD, AND WRONGFUL TERMINATION.18 OF 27

111. MONDAL and all others referenced above are entitled to an award of punitive and liquidated damages.

### COUNT V: BREACH OF CONTRACT

112. MONDAL hereby realleges and incorporates all of the above paragraphs of this Complaint as if fully set forth herein.

113. At all times relevant herein, for a period of approximately three (3) years, MONDAL worked every pay period under Employer's employ in exchange for properly paid income and wages in accordance with all applicable local and federal laws governing labor and employment.

114. During MONDAL's three (3) year employ under Employer, Employer did not pay MONDAL consistently, withheld information about MONDAL's employment status, provided fraudulent information to MONDAL about his employment status, did not pay MONDAL in accordance with applicable laws, and acted in bad faith.

115. Employer breached the employment contract between itself and MONDAL each time MONDAL withheld information about MONDAL's employment status, provided fraudulent information to MONDAL about his employment status, did not pay MONDAL in accordance with applicable laws, and acted in bad faith during MONDAL's three (3) year employ under Employer.

116. Employer's breach of the employment contract between itself and MONDAL caused MONDAL harm in that he was not paid his proper wages, he was not paid proper overtime, he was paid less than what he actually earned and was entitled to as a matter of law, and he was provided false information for tax filing purposes.

## COUNT VI: WRONGFUL TERMINATION BASED ON RETALIATION IN VIOLATION OF

## PUBLIC POLICY

117. MONDAL hereby realleges and incorporates all of the above paragraphs of this Complaint as if fully set forth herein.

118. At all times relevant herein, MONDAL worked in service and for the benefit of Employer and Defendants.

119. At all times relevant herein, during working hours, MONDAL was under the supervision, control, and management of Employer and Defendants.

120. At all times relevant herein, MONDAL was an employee of Employer and Defendants.

121. On information and belief, around July 2018, weary of his employment status and the amount of his wages, and having reason to believe that Employer and Defendants were undercutting his earned wages of which he was entitled to as a matter of law and under his employment contract, MONDAL inquired about his wages directly to the Employer and Defendants and highlighted possible violations of the FLSA and the CNMI Act.

122. On information and belief, MONDAL's inquiries to Employer and Defendants put them on notice that MONDAL's inquiries may subject them to further inquiries from other employees similarly situated and disrupt the status quo of their illegal employment practices that were in violation of the FLSA and the CNMI Act.

123. On information and belief, substantially motivated to prevent any disruption of Employer's and Defendants' illegal employment practices in violation of the FLSA and the CNMI Act, and to

prevent similar inquiries from other employees similarly situated as MONDAL, Employer and Defendants wrongfully discharged MONDAL from their employ.

124. Employer and Defendants discharged MONDAL from their employ in retaliation against him for raising issues about Employer and Defendants illegal employment practices.

125. MONDAL's discharge as caused him harm in the form of lost wages and loss of gainful employment.

<u>COUNT VII: FOR LIQUIDATED DAMAGES AND ATTORNEY'S FEES</u>

126. MONDAL hereby realleges and incorporates all of the above paragraphs of this Complaint as if fully set forth herein.

127. For the acts complained of above, MONDAL and all similarly situated employees are entitled to judgment in an equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b) or to twice the amount of such unpaid wages or overtime compensation in accordance with CNMI law, and an additional assessment of liquidated damages to be determined based on the Employer's willful and retaliatory conduct in failing to pay wages or overtime. *See* P.L. 15-08; Commonwealth Employment Act of 2007 as amended by the Immigration Conformity Act of 2010.

128. For the acts complained of above, MONDAL and all similarly situated employees are entitled to an award for all costs and attorney fees pursuant to 29 U.S.C. § 216(b) and Title 8 CMC § 9244.

<u>COUNT VIII: CLASS ACTION ALLEGATIONS</u>

129. MONDAL hereby realleges and incorporates the above paragraphs of this Complaint as if fully set forth herein.

130. Pursuant to Federal Rules of Civil Procedure, MONDAL brings this class action and seeks certification of the claims and certain issues in this action on behalf of a Class defined as:

**All current and former employees of BIG BOYZ MARINE SPORTS, INC. and MOLLICK ENTERPRISES (collectively referred to as "Employer") who were compensated less than all wages due to them and who were victims of Employer's illegal employment practices that were in violation of the Fair Labor and Standards Act, Fair Minimum Wage Act of 2007, and the CNMI Minimum Wage and Hour Act.**

131. MONDAL reserves the right to amend the Class definition if further investigation and discovery indicates that the Class definition should be narrowed, expanded, or otherwise modified. Exclude from the Class are governmental entities, Defendants, any entity in which Defendants have a controlling interest, and Defendants' officers, directors, affiliates, legal representatives, employees, co-conspirators, successors, subsidiaries, and assigns. Also, excluded from the Class is any judge, justice, or judicial officer presiding over this matter and members of their immediate families and judicial staff.

132. Defendants' practices and omissions were applied uniformly to all members of the Class, including any subclass arising out of the statutory claims alleged herein, so that the questions of law and fact are common to all members of the Class and any subclass.

133. All members of the Class and any subclass were and are similarly affected by Employer's employment practice of paying employees less than all wages actually due to them, and the relief sought herein is for the benefit of MONDAL and members of the Class and any subclass.

134. Based on the varying residences of the Plaintiffs and other multiple, former, and current employees as defined above, it is apparent that the number and locations of plaintiffs in both the Class and any subclass make joinder impractical.

135. Questions of law and fact common to the Plaintiff Class and any subclass exist that predominate over questions affecting only individual members, including, inter alia:

   a. Whether Employer and Defendants violated the FLSA each time they paid MONDAL, and other employees similarly situated, less than all wages actually due to them as a matter of law.

   b. Whether Employer and Defendants violated the FLSA when they discharged MONDAL, and other employees similarly situated, after being placed on notice about Employer and Defendants possible violations of the FLSA by MONDAL or other such employees.

   c. Whether Employer and Defendants breached MONDAL's, and other employees similarly situated, contracts.

   d. Whether Employer and Defendants committed Fraud against MONDAL, and other employees similarly situated.

   e. Whether Employer and Defendants wrongfully terminated MONDAL, and other employees similarly situated.

   f. Whether Defendants' conduct as set forth above injured MONDAL and other employees, such as past, current, and multiple employees, and if so, the extent of the injury.

136. The claims asserted by MONDAL in this action are typical of the claims of the members of the Plaintiff Class and any subclass, as the claims arise from the same course of conduct by Defendants, and the relief sought within the Class and any subclass is common to the members of each.

137. MONDAL will fairly and adequately represent and protect the interests of the members of the Plaintiff Class and any subclass.

138. Plaintiffs have retained counsel competent and experienced in civil and class action litigation.

139. Certification of this class action is appropriate under the Federal Rule of Civil Procedure 23 because the questions of the law or fact common to the respective members of the Class and any subclass predominate over questions of law or fact affecting only individual members.  This predominance makes class litigation superior to any other method available for a fair and efficient decree of claims.

140. Certification of this class action is appropriate under the Federal Rule of Civil Procedure 23 because the party opposing the class has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief, punitive relief, economic damages, or corresponding declaratory relief with respect to the Class as a whole.

141. Absent a class action, it would be highly unlikely that the representative Plaintiff or any other members of the Class or any subclass would be able to protect their own interests because the cost of litigation through individual lawsuits might exceed expected recovery.

142. A class action is a fair and appropriate method for the adjudication of the controversy, in that it will permit a large number of claims to be resolved in a single forum simultaneously, efficiently, and without the unnecessary hardship that would result from the prosecution of numerous individual

actions and the duplication of discovery, effort, expense, and burden on the courts that individual actions would engender.

143. The benefits of proceeding as a class action, including providing a method for obtaining redress for claims would not be practical to pursue individually, outweigh any difficulties that be argued with regard to the management of this class action.

144. WHEREFORE, MONDAL, as an individual and on behalf of all others similarly situated, prays this Court certify the Class as defined above.

## PRAYER FOR RELIEF

WHEREFORE, MONDAL, as an individual and on behalf of all others similarly situated, prays this Court certify the Class as defined above and prays the judgment against all Defendants as follows:

1. That unpaid wages and overtime compensation accruing from September 2015 up to August 2018 in the amount of $37,435.65 for all unpaid wages due pursuant to the Fair Minimum Wage Act of 2007 and for overtime pay under the FLSA as alleged in Count 1 is granted to MONDAL and damages of the same be granted to all other members of the Class of which were or are similarly situated as MONDAL in an amount to be determined by this Court.

2. Alternatively, that unpaid wages and overtime compensation accrued for a period of one (1) year prior to the filing of this complaint for all unpaid wages under the CNMI Minimum Wage and Hour Act and pursuant to the Fair Minimum Wage Act of 2007 and computed in the amount of $10,522.07 is granted to MONDAL and damages of the same be granted to all other members of the Class of which were or are similarly situated as MONDAL in an amount to be determined by this Court.

3. That judgment in an equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b) is granted in favor of MONDAL and all other members of the Class who were or are similarly situated.

4. In the alternative, that judgment for liquidated damages of twice the amount of such unpaid wages or overtime compensation in accordance with CNMI law, and an additional assessment of liquidated damages for Employer's willful conduct in failing to pay wages or overtime under P.L. 15-08 or the Commonwealth Employment Act of 2007 is granted in favor of MONDAL and all other members of the Class who were or are similarly situated.

5. That an award for all costs and attorney fees pursuant to 29 U.S.C. § 216(b) and 8 CMC § 9244 is granted in favor of MONDAL and all other members of the Class who were or are similarly situated.

6. That the Court find Defendants to have committed fraudulent misrepresentation against MONDAL.

7. That MONDAL be awarded punitive damages for Defendants fraudulent acts committed against MONDAL and all other members of the Class who were or are similarly situated.

8. That the Court find Defendants to have committed breach of contract and wrongful against MONDAL and all other members of the Class who were or are similarly situated.

9. That the Court award damages to the MONDAL and all other members of the Class who were or are similarly situated, in the amount to be determined at trial.

10. That this Court enter judgment in favor of MONDAL and all other members of the Class who were or are similarly situated, which have not been paid their wages pursuant to the FLSA and that they be paid back wages, liquidated damages, and costs and attorney fees in an amount to be determined at trial.

11. That the Court award such other and further legal and equitable relief that the Court deems just and proper to MONDAL and all other members of the Class who were or are similarly situated.

Dated this _22_ of October, 2018.

_____
TIBERIUS MOCANU
Attorney-At-Law

## **VERIFICATION**

I, ANUIK MONDAL, declare under penalty of perjury that I have read the foregoing verified complaint and that it is true and correct to the best of my recollection and knowledge and this declaration was executed on this _22_ day of October 2018, at Saipan, Commonwealth of the Northern Mariana Islands.

_____
ANUIK MONDAL
Plaintiff

VERIFIED COMPLAINT FOR VIOLATIONS OF FAIR LABOR STANDARDS ACT (FLSA), FAIR MINIMUM WAGE ACT OF 2007, CNMI MINIMUM WAGE AND HOUR ACT, BREACH OF CONTRACT, FRAUD, AND WRONGFUL TERMINATION.27 OF 27